UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH LEARY,
   *Plaintiff*,

v.

ROY MANSTAN, *et al.*,
   *Defendants*.

No. 3:13-cv-00639 (JAM)

**RULING DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

  Plaintiff Joseph Leary brought a copyright infringement action against defendants Roy Manstan, Frederic Frese, and Westholme Publishing, LLC. The Court granted defendants' motion for summary judgment. Defendants then moved for an award of attorney's fees and costs pursuant to 17 U.S.C. § 505, and for sanctions against defendants' counsel pursuant to 28 U.S.C. § 1927. For the reasons described below, I will deny defendants' motion.

  Under Section 505 of the Copyright Act, a district court "in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. It is well established in this Circuit, however, that "all applications for attorney's fees" must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014). This is a "strict rule from which attorneys may deviate only in the rarest of cases." *Ibid.*

  In support of their motion for attorney's fees and costs, defendants have submitted a one-page document, which they refer to as a "settlement statement." *See* Doc. #73-1 at 1. The document lists "fees for services & costs rendered to date by Brown, Paindiris & Scott, LLP" in the amount of $77,057.93, and "fees for services & costs rendered to date by Bakos & Kritzer" in

the amount of $137,457.35, for a total of $214,515.28. *Ibid.* Defendants have not offered additional documentation or details about these amounts, such as what services were performed, by whom, for how many hours, or at what rates. Nor have defendants explained why they have not furnished this information.

In the absence of any supporting records, I cannot determine a "reasonable" award, as I am required to do under 17 U.S.C. § 505. Accordingly, I must deny defendants' motion for attorney's fees and costs. I will reconsider the question of attorney's fees if and when defendants submit records in conformance with *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983). If I determine that fees are warranted, I will determine the proper fee amount in part by conducting a lodestar analysis, which calculates reasonable attorney's fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate. *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 150 (2d Cir. 2001) (applying lodestar method in copyright context). Defendants should also submit information explaining their actual billing arrangement. *Ibid.* I will also reconsider defendants' motion for sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927 in the event that defendants file a renewed motion for attorney's fees and costs.

For the foregoing reasons, defendants' motion for attorney's fees and costs (Doc. #73) is DENIED without prejudice.

It is so ordered.

Dated at New Haven this 7th day of February 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge